PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

MONICA B. KLAPPER
Arizona State Bar No. 013755
Monica.Klapper@usdoj.gov
GARY M. RESTAINO
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

**REDACTED FOR PUBLIC DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00266-PHX-SPL (MTM) |
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. § 371 (Conspiracy) Count 1 |
| 1. Ira Jeffrey Gaines, (Counts 1-32) | 15 U.S.C. § 78j(b) & 17 C.F.R. § 240-10b-5 (Securities Fraud) Counts 2 – 5 |
| 2. Sue L. McCluskey, and (Counts 1-32) | 18 U.S.C. § 1343 (Wire Fraud) Counts 6 – 10 |
| 3. David Michael Rees, (Counts 1-4, 6-9, 11-15, & 18-32), Defendants. | 18 U.S.C. § 1957 (Transactional Money Laundering) Counts 11 – 18 |
| | 18 U.S.C. § 1956(a)(1)(B) (Concealment Money Laundering) Counts 19 – 27 |
| | 18 U.S.C. § 1028A (Aggravated Identity Theft) Counts 28 – 32 |
| | 18 U.S.C. § 981(a)(1)(C) 18 U.S.C. § 982(a)(1) 28 U.S.C. § 2461(c) Forfeiture Allegations |

**THE GRAND JURY CHARGES:**

At all times material to this indictment, within the United States, District of Arizona, and elsewhere:

## INTRODUCTION

1. Beginning in about January of 2017, IRA JEFFREY GAINES ("GAINES") orchestrated a scheme to engage in fraudulent microcap stock transactions, assisted by SUE L. MCCLUSKEY ("MCCLUSKEY"), DAVID MICHAEL REES ("REES"), E.M., and others. The stock transactions involved: (1) using individuals and entities as nominees to hold, convert, and sell the stock – designed to conceal the true ownership of the stock; (2) obtaining "unrestricted" stock status by fraud – designed to position the stock for public trading; and (3) falsely promoting the stock – designed to create an apparent market for the stock in anticipation of selling it. Limited to the four microcap stocks described herein, GAINES and his co-conspirators manipulated more than $2 million worth of microcap stock shares in this manner, resulting in more than $800,00 to the group.

### Individuals and Entities Involved

2. GAINES resides in Phoenix, Arizona, and is the sole owner of Peachtree Partners, LLC, a hard-money lender located at 1819 East Morton Avenue, Suite 180, Phoenix, Arizona, and registered with the Arizona Corporation Commission ("ACC") on June 21, 1996.

   a. GAINES owns or controls Big Thunder, LLC, which was registered with the ACC on August 30, 2017, with the same Morton Avenue address.

   b. GAINES owns or controls IG Starr, LLC, which was registered with the ACC on November 15, 2010, with the same Morton Avenue address.

   c. GAINES owns or controls Paradise Wire & Cable, LLC, which was registered with the ACC on January 15, 2002, with the same Morton Avenue address.

   d. GAINES is married to C.G. (nee H.), and her son is J.H.

   e. GAINES has not filed personal or corporate tax returns for at least

2016, 2017, and 2018.

3. E.M. resides in Paradise Valley, Arizona, and has been employed by GAINES at Peachtree Partners since late 2016. E.M. was hired to manage and facilitate GAINES' stock transactions.

    a. E.M. conducted most of the transactions set forth herein, directed by GAINES.

    b. E.M. was paid by GAINES in cash or cash equivalent, with no employment taxes withheld, no Form W-2 or 1099 provided, and no income taxes paid.

4. MCCLUSKEY resides in Phoenix, Arizona, and has been employed by GAINES at Peachtree Partners as the office manager since at least 2000. MCCLUSKEY is paid by GAINES in cash or cash equivalent, with no employment taxes withheld, no Form W-2 or 1099 provided, and no income taxes paid.

    a. MCCLUSKEY is married to T.M.

    b. GAINES and MCCLUSKEY incorporated Big Thunder in the name of T.M. to conceal GAINES' identity as its true owner.

5. REES resides in Salt Lake City, Utah, and is an attorney in the firm Vincent & Rees.

    a. In 2012, as part of a Final Judgment against him in the United States District Court for the Southern District of Florida, REES was enjoined for a one-year period from providing professional legal services to any person or entity in connection with the offer or sale of securities, including the preparation or issuance of opinion letters.

    b. Until recently, a person known as "Carter Jamison" was an assistant to REES.

6. P.P. and M.N. both reside outside of the United States.

    a. P.P. resides in Canada and was used as an international nominee for GAINES, facilitated by REES.

b.     M.N. resides in Bermuda and is associated with Veritas Group, Limited, also located in Bermuda; he was used as an international nominee for GAINES, also facilitated by REES.

7.     Promoter 1 was affiliated with CBJ Consulting Group and was used to fraudulently promote stock in anticipation its sale.

8.     Attorney 1 was used to author opinion letters and other documents necessary to fraudulently convert restricted stock shares (shares that cannot be publicly traded) into unrestricted stock shares (shares that can be publicly traded).

9.     Transfer Agent 1, now deceased, was a stock transfer agent affiliated with Fidelity Transfer Services and was used to fraudulently convert restricted stock shares into unrestricted stock shares.

## The Use of Nominees

10.    In 2004, the SEC issued an order permanently enjoining GAINES from engaging in certain securities transactions. Sometime after that date, stock brokerage firms declined to open or retain stock trading accounts for GAINES.

11.    As a result, GAINES used his wife's maiden name, C.H., to open stock trading accounts, and directed the transfer of stock certificates in her name and/or the name of her son, J.H. GAINES was the true owner/controller of the trading accounts, stock shares, and any related bank accounts.

12.    When stock brokerage firms realized the family connection and closed the accounts in C.H.'s name, GAINES directed office manager MCCLUSKEY to create entity Big Thunder, LLC, in the name of her husband, T.M. GAINES also directed her to open stock trading accounts in the name of Big Thunder and directed the corresponding stock transactions. GAINES was the true owner/controller of the entity, the trading accounts, the stock certificates, and any related bank accounts.

13.    GAINES then began trading in marijuana-related microcap stock, which domestic brokerage firms would not transact. He looked to international nominees to open stock trading accounts and engage in stock transactions on his behalf. REES assisted

GAINES in establishing international nominees to engage in these transactions, most notably P.P. and M.N.

### Stock Ticker Symbols CURR, LVVV, GRNH, and ADMQ

14. <u>CURR (Cure Pharmaceutical Holdings Corp.)</u>: In a series of transactions occurring during 2017, 2018, and 2019, GAINES used nominees Big Thunder and M.N. to convert and sell 135,000 shares of CURR stock.

   a. 100,000 restricted shares (shares that could not be publicly traded) were acquired by GAINES in 2017, transferred in 2018 first to Big Thunder and then to M.N., fraudulently converted by Attorney 1 into unrestricted shares (shares that could be publicly traded), and then sold by M.N., on behalf of GAINES, in 2019.

   b. 35,000 restricted shares were acquired in two tranches by GAINES in 2017, transferred to M.N. in 2018, fraudulently converted into unrestricted shares, and then sold by M.N., on behalf of GAINES, in 2019.

   c. The combined proceeds to GAINES and others were $697,000.

15. <u>GRNH (GreenGro Technologies, Inc.)</u>: GAINES owned 17,000,000 shares of previously-purchased unrestricted shares of GNRH stock (marijuana-related stock). GAINES attempted to use nominees M.N. and P.P. to sell GRNH stock outside of the United States.

   a. In November of 2018, GAINES directed Transfer Agent 1 to transfer 4,000,000 shares to nominee M.N., for eventual sale overseas.

   b. In April of 2019, GAINES purchased an additional 20,500,000 shares of GNRH and paid transfer agent Transfer Agent 1/Fidelity Transfer Services to issue unrestricted shares directly into the name of nominee P.P.

   c. On April 30, 2019, GAINES directed an $8,000 payment to Promoter 1 to promote the stock.

   d. P.P.'s overseas brokerage account was closed before she could sell the stock.

16. <u>LVVV (Livewire Ergogenics, Inc.)</u>: In a series of transactions occurring during 2017, 2018, and 2019, GAINES used nominees C.H., Big Thunder, and M.N. to position 26,000,0000 shares of LVVV stock for sale.

    a. GAINES or his nominees acquired the stock shares in five tranches totaling 34,000,000 shares, and GAINES transferred the vast majority of the shares to nominees C.H., Big Thunder, and M.N. in anticipation of the sale of the shares.

    b. On November 16, 2018, REES directed GAINES to transfer $100,000 to Veritas Group's bank account for use in international nominee transactions.

    c. In March of 2019, GAINES directed the fraudulent conversion of certain restricted shares into unrestricted shares via Attorney 1.

    d. The disposition of these shares after being transferred overseas to nominee M.N. is unknown at this time.

17. <u>ADMQ (ADM Endeavors, Inc.)</u>: In 2019 and 2020, GAINES used nominee C.H. to acquire 1,500,000 unrestricted shares of ADMQ stock and sell it on his behalf.

    a. In June of 2020, GAINES paid $25,000 for a marketing campaign to promote the stock and sell the shares at an inflated price.

    b. The proceeds to GAINES and others were $115,518.

**COUNT 1**
**Conspiracy**
**(18 U.S.C. § 371)**

The factual allegations in the preceding paragraphs are incorporated by reference and re-alleged as though fully set forth herein.

18. Beginning at a time unknown to the grand jury, but at least as early as on or about January 1, 2017, and continuing to the present, in the District of Arizona and elsewhere, Defendants GAINES, MCCLUSKEY, REES, and E.M., individually and doing business under the entities described above, along with other individuals and entities known and unknown to the grand jury, knowingly and willfully agreed and conspired with each other and others to commit the following offenses against the United States: securities fraud, in violation of 15 U.S.C. 78j(b) & 17 C.F.R. § 240-10b-5; wire fraud, in violation of

18 U.S.C. § 1343; money laundering, in violation of 18 U.S.C. §§ 1956 and 1957; and aggravated identity theft, in violation of 18 U.S.C. § 1028A.

## Manner and Means of the Conspiracy

19. The manner and means used by Defendants and others, individually and through the entities described above, to effect the objects of the conspiracy and scheme to defraud, included the following:

    a. Defendants participated with each other and others to conceal GAINES' identity as the true owner of certain entities, stock shares, and bank accounts. GAINES' identity was concealed from stock regulators, stock brokerage firms, and taxing authorities.

    b. Additionally, Defendants in many instances fraudulently converted restricted stock, or stock that could not be freely traded on a public exchange, into unrestricted stock that could be publicly traded.

    c. Additionally, Defendants in several instances hired third parties to falsely promote the stock, to create a market for the stock in anticipation of selling the stock at in inflated price.

## Overt Acts of the Conspiracy

20. In furtherance of the conspiracy, and to effect the objects of the conspiracy, Defendants, acting individually and under the entities described above, along with other individuals and entities known and unknown to the grand jury, committed or caused to be committed, various overt acts in the District of Arizona and elsewhere, including but not limited to the following:

    a. Between about February 28, 2019, and August 24, 2020, GAINES used C.H. as a nominee to obtain 1,500,000 shares of ADMQ stock (by using a false consulting agreement) and to sell the stock for more than $100,000.

    b. Between about April 4 and 8, 2019, GAINES directed Transfer Agent 1 of Fidelity Transfer Services to issue unrestricted shares of GRNH stock to nominee P.P., in exchange for more than $250,000.

  c. On about April 30, 2019, GAINES directed a wire transfer of $8,000 from his Banker's Trust Co. account ending 0399 to CBJ Consulting Group's Bank of America account ending 4949 for a promotional campaign for GRNH stock.

  d. On about June 10, 2020, GAINES wired $25,000 to Promoter 1 (CBJ Consulting Group) from his Banker's Trust account ending 4131 for a promotional campaign for ADMQ stock.

  e. On or about December 5, 2019, E.M. discussed P.P.'s cost for serving as a nominee for GAINES' stock transactions; P.P. said she would charge "about 25%" to clear stock and deposit funds into her Grand Cayman bank account.

  f. On or about April 29, 2019, E.M. engaged in e-mail correspondence with GAINES, REES, and J.C. discussing the strategic sale of GRNH stock by nominees.

  g. On or about April 4, 2019, E.M. e-mailed GAINES, REES, and "Carter Jamison" about the disposition of GRNH stock; and GAINES instructed E.M. to "tell them to start selling a million a day[,] let's [get] [Promoter 1] on board for Monday."

  h. On or about March 19, 2019, MCCLUSKEY signed the name of C.H. on a letter to a transfer agent regarding the transfer of LVVV stock shares.

  i. On or around August of 2017, MCCLUSKEY changed the drafted operating agreement for Big Thunder to substitute the name T.M. for GAINES as the manager.

  j. On or about April 19, 2019, MCCLUSKEY received an "Outgoing Funds Transfer Advice" of $6,000 sent to CBJ Consulting Group's Bank of America account from GAINES' Bankers Trust account ending 0399.

  k. On or about November 16, 2018, REES instructed GAINES to wire $100,000 from Big Thunder's Charles Schwab account ending 0775 to Veritas Group's Cumberland Security Bank account ending 4377 to fund the use of international nominees.

l.     On or about February 15, 2019, REES transferred $50,000 from U.S. Bank IOLTA account ending 7382 to GAINES' Parkway Bank checking account ending 3202, as proceeds from the sale of LVVV stock.

m.     On or about February 25, 2019, REES text messaged E.M. regarding the sale of CURR stock for GAINES: "We are selling. [J.C.] is on a conf call with broker firm and can update in about 30 minutes."

These acts were in violation of 18 U.S.C. § 371.

## Counts 2 – 5
### Securities Fraud
### (15 U.S.C. § 78j(b) & 17 C.F.R. § 240-10b-5)

The factual allegations in the preceding paragraphs are incorporated by reference as though set forth fully herein.

21.    Between on or about January 1, 2017, and the present, the following listed Defendants and participants, individually and doing business under the entities described above, along with unindicted co-conspirators and other individuals and entities known and unknown to the grand jury, acting in connection with the purchase or sale of a security, and acting knowingly, willfully and with the intent to defraud, employed a device, scheme or artifice to defraud, made untrue statements about or omitted a statement of material fact, and engaged in a practice that operated as a fraud, and in doing so made use of or caused the use of any means or instrumentality of interstate commerce, use of the mails, or use of a national securities exchange.

22.    With each instance being a separate count of the indictment, the following listed Defendants and participants engaged in the following deceptions:

| Count | Date (on or about) | Defendant/ Participant | Ticker Symbol | Activity |
|---|---|---|---|---|
| 2 | 12/6/2018 | GAINES, REES, MCCLUSKEY, E.M. | CURR | Attorney 1 authored opinion letter falsely attesting that CURR shares should be unrestricted |
| 3 | 3/28/2019 | GAINES, REES, MCCLUSKEY, E.M. | LVVV | Attorney 1 authored opinion letter falsely attesting that LVVV shares should be unrestricted |

| 4 | 4/30/2019 | GAINES, REES, MCCLUSKEY, E.M. | GRNH | Promoter 1 engaged in a promotional campaign for GRNH, as directed by GAINES |
| 5 | 6/10/2020 | GAINES, MCCLUSKEY, E.M. | ADMQ | Promoter 1 engaged in a promotional campaign for ADMQ, as directed by GAINES |

This conduct was in violation of 15 U.S.C. § 78j(b) & 17 C.F.R. § 240-10b-5, and 18 U.S.C. § 2.

**Counts 6 - 10
Wire Fraud
(18 U.S.C. § 1343)**

The factual allegations in preceding paragraphs are incorporated by reference and re-alleged as though fully set forth herein.

23.   Beginning at a time unknown to the grand jury, but at least as early as on or about January 1, 2017, and continuing to the present in the District of Arizona and elsewhere, the following Defendants and participants, individually and doing business under the entities described above, along with other individuals and entities known and unknown to the grand jury, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, and by the concealment and omission of material facts.

24.   On the dates specified below, for the purpose of executing and attempting to execute the scheme or artifice to defraud and to obtain money and property, the following Defendants and participants individually and doing business under the entities described above, along with other individuals and entities known and unknown to the grand jury, knowingly transmitted and caused to be transmitted, by means of interstate wire and radio communications in interstate commerce, certain writings, pictures, signals and sounds, to and from the District of Arizona and elsewhere, as follows, with each instance being a separate count:

| Count | Date (on or about) | Defendant/ Participant | Sender | Recipient | Content |
|---|---|---|---|---|---|
| 6 | 11/2/2018 | GAINES, REES, MCCLUSKEY, E.M. | V Stock Transfer | Big Thunder, LLC | Issuance of CURR stock to nominee Big Thunder |
| 7 | 11/16/2018 | GAINES, REES, MCCLUSKEY, E.M. | Charles Schwab acct. 0755 | Cumberland Security Bank acct. 4377 | Payment, directed by REES, re: LVVV stock, from Big Thunder to Veritas Group |
| 8 | 4/4/2019 | GAINES, REES, MCCLUSKEY, E.M. | Bankers Trust Co. acct. 4658 | Bank of America acct. 6339 | Payment of $107,500 to Transfer Agent 1 re: GRNH certificates CS1-8163, 8164 |
| 9 | 4/8/2019 | GAINES, REES, MCCLUSKEY, E.M. | Bankers Trust Co. acct. 4658 | Bank of America acct. 6339 | Payment of $50,150 to Transfer Agent 1, Fidelity Transfer Services, re: GRNH certificate CS1-8157 |
| 10 | 6/10/20 | GAINES, MCCLUSKEY, E.M. | Bankers Trust Co. acct. 0787 | JP Morgan Chase acct. 4131 | Payment of $25,000 to Promoter 1 for one-week marketing of ADMQ stock |

These acts were in violation of 18 U.S.C. §§ 1343 & 2.

**Counts 11 – 18**
**Transactional Money Laundering**
**(18 U.S.C. § 1957)**

The factual allegations in the preceding paragraphs are incorporated by reference and re-alleged as though fully set forth herein.

25. On the dates listed below, the following Defendants and participants, individually and doing business under the entities described above, along with other individuals and entities known and unknown to the grand jury, knowingly engaged and attempted to engage in the following monetary transactions in the United States in criminally derived property of a value exceeding $10,000, derived from specified unlawful activity, namely the violation of 18 U.S.C. § 1343 (wire fraud scheme), with each instance being a separate count:

| Count | Date (on or about) | Defendant/ Participant | Transaction Amount | Financial Institution | Transaction |
|---|---|---|---|---|---|
| 11 | 7/3/2019 | GAINES, REES, MCCLUSKEY, E.M. | $36,449.20 | HSBC acct. 0893 | M.N. transferred funds from sale of CURR stock shares from HSBC brokerage acct. to HSBC bank acct. 2764 |
| 12 | 7/26/2019 | GAINES, REES, MCCLUSKEY, E.M. | $150,000.00 | HSBC acct. 0893 | M.N. transferred funds from sale of CURR stock shares from HSBC brokerage acct. to HSBC bank acct. 2764 |
| 13 | 7/26/2019 | GAINES, REES, MCCLUSKEY, E.M. | $250,000.00 | HSBC acct. 0893 | M.N. transferred funds from sale of CURR stock shares from HSBC brokerage acct. to HSBC bank acct. 2764 |
| 14 | 11/19/2018 | GAINES, REES, MCCLUSKEY, E.M. | $50,000.00 | Cumberland Sec. Bank acct. 4377 | Attorney 1 transferred to The Vincent Group's US Bank acct. 7382 re: GNRH stock |
| 15 | 11/19/2018 | GAINES, REES, MCCLUSKEY, E.M. | $25,000.00 | Cumberland Sec. Bank acct. 4377 | Attorney 1 transferred to Cinnamon C.'s TIAA acct. 5323 re: GNRH stock |
| 16 | 7/13/2020 | GAINES, MCCLUSKEY, E.M. | $10,470.00 | Edward Jones acct. 845 | GAINES transferred to Bankers Trust acct. from sale of ADMQ shares |
| 17 | 8/24/2020 | GAINES, MCCLUSKEY, E.M. | $85,815.89 | Edward Jones acct. 845 | GAINES transferred to Bankers Trust acct. from sale of ADMQ shares |
| 18 | 12/15/19 | GAINES, REES, MCCLUSKEY, E.M. | $50,000.00 | US Bank IOLTA acct. 7382 | REES transferred funds to GAINES' Parkway Bank acct. 3202 related to LVVV, comingled with other stock M.N. sold |

These acts were in violation of 18 U.S.C. §§ 1957 and 2.

**Counts 19 – 27**
**Concealment Money Laundering**
**18 U.S.C. § 1956(a)(1)(B)**

The factual allegations in the preceding paragraphs are incorporated by reference

and re-alleged as though fully set forth herein.

26. On the dates listed below, Defendants GAINES, MCCLUSKEY, REES, and E.M., individually and doing business under the entities described above, along with other individuals and entities known and unknown to the grand jury, knowingly engaged and attempted to engage in the following monetary transactions in the United States in property criminally derived from specified unlawful activity, namely the violation of 18 U.S.C. § 1343 (wire fraud scheme) as alleged in counts 6 – 10 above, and acted with the knowledge that the transactions were designed in whole or part to disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity, with each instance being a separate count:

| Count | Date (on or about) | Transaction | Institution | Transaction |
|---|---|---|---|---|
| 19 | 11/2/2018 | 100,000 shares CURR stock | V Stock Transfer | Issuance of CURR stock certificate in name of Big Thunder |
| 20 | 11/20/2018 | 100,000 shares CURR stock | V Stock Transfer | Issuance of CURR stock certificate in name of M.N. |
| 21 | 1/2/2019 | 35,000 shares of CURR stock | V Stock Transfer | Issuance of CURR stock certificate in name of M.N. |
| 22 | 10/31/2018 | 15,000,000 shares of LVVV stock | Cont. Stock Trans. & Trust | Issuance of LVVV stock certificate LE00711 in name of Big Thunder |
| 23 | 11/26/2018 | 15,000,000 shares of LVV stock | Cont. Stock Trans. & Trust | Big Thunder cancelled stock cert. no. 700 for 15,000,000 shares and reissued in book form for DWAC to M.N. |
| 24 | 3/22/2019 | 10,000,000 shares of LVVV stock | Cont. Stock Trans. & Trust | GAINES cancelled stock cert. no. 681 for 10,000,000 shares and reissued in book form for DWAC to M.N. |
| 25 | 4/4/2019 | 7,000,000 shares of GRNH stock | Fidelity Trans. Svcs. | Issuance of GRGH stock certificate CS1-8164 in name of P.P. |
| 26 | 4/8/2019 | 8,500,000 shares of GRNH stock | Fidelity Trans. Svcs. | Issuance of GRGH stock certificate CS1-8167 in name of P.P. |

| 27 | 2/28/2019 | 1,500,000 shares of ADMQ stock | Nevada Agency and Trans. Co. | Issuance of ADMQ stock in name of C.H. |

These acts were in violation of 18 U.S.C. § 1956(a)(1)(B).

**Counts 28 – 32**
**Aggravated Identity Theft**
**18 U.S.C. § 1028A**

The factual allegations in the preceding paragraphs are incorporated by reference and re-alleged as though fully set forth herein.

27.  On or about the dates listed below, in the District of Arizona and elsewhere, Defendants GAINES, MCCLUSKEY, REES, and E.M., individually and doing business under the entities described above, along with other individuals and entities known and unknown to the grand jury, during and in relation to the commission of wire fraud, knowingly transferred, possessed and used, without lawful authority, a means of identification of another person, with each instance being a separate count:

| Count | Date (on or about) | Identity | Activity |
|---|---|---|---|
| 28 | 3/18/2019 | C.H. | Name used for issuance of 10,000,000 LVVV stock shares |
| 29 | 3/19/2019 | C.H. | Name used for issuance of 10,000,000 LVVV stock shares |
| 30 | 3/19/2019 | C.H. | MCCLUSKEY signed CH name on letter to transfer agent re LVVV stock shares |
| 31 | 8/9/2017 | J.H. | Name used for issuance of 500,000 GRNH stock shares |
| 32 | 2/28/19 | C.H. | Name used for issuance of 1,500,000 ADMQ stock shares |

These acts were in violation of 18 U.S.C. §§ 1028A & 2.

**FORFEITURE ALLEGATIONS**

The factual allegations in the preceding paragraphs are incorporated by reference and re-alleged as though fully set forth herein.

28.  Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c), upon conviction of one or more of the offenses alleged in counts 1 through 32

above, Defendants shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offenses, or in any property traceable to such property involved in such offenses, including the following: (a) all money or other property that was the subject of each transaction or transfer in violation of a statute listed in 18 U.S.C. § 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to the sum of money representing the amount of money involved in the offenses. This includes a sum of money equal to at least $812,518 in U.S. currency, representing the amount of proceeds involved in the offenses. Defendants shall be jointly and severally liable for that amount.

29. If any of the above-described forfeitable property, as a result of any act or omission by any Defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, had been substantially diminished in value, or has been commingled with other property and cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of that Defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461.

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: April 14, 2021

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

/S/
MONICA B. KLAPPER
GARY M. RESTAINO
Assistant U.S. Attorneys